# IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT IN AND FOR ORANGE COUNTY, FLORIDA

LISA COLLINS,                       CASE NO:

    Plaintiff,

v.

STAPLES CONTRACT AND
COMMERCIAL SALES, LLC,

    Defendant.
_____/

## COMPLAINT

**COMES NOW**, the Plaintiff, LISA COLLINS, by and through her undersigned attorney, and sues the Defendant, STAPLES CONTRACT AND COMMERCIAL SALES, LLC (Hereinafter "STAPLES"), and states as follows:

1. That this is an action by Plaintiff for damages in excess of Thirty Thousand Dollars ($30,000.00), excluding attorney's fees and costs pursuant to the Florida Civil Rights Act of 1992 (FCRA), Florida Statute, Section 760, for discrimination based on Plaintiff's race and age.

2. The Plaintiff is a resident of Orlando, Orange County, Florida.

3. Plaintiff was an employee of Defendant, performing the duties of a Save Desk Specialist for Defendant in Orange County, Florida.

4. Defendant was a "person" and/or an "employer" pursuant to Florida Civil Rights Act of 1992, *Fla. Stat. Section, 760.01, et seq.,* since it employs fifteen or more employees for the applicable statutory period; and it is subject to the employment discrimination provisions of the applicable statute, the FCRA.

5. Defendant is a "person" within the purview of the Florida Civil Rights Act of 1992, *Fla. Stat. Section, 760.01, et seq.*

6. At all times material hereto, Defendant was an "employer" within the meaning of Florida Civil Rights Act of 1992, *Fla. Stat. Section, 760.01, et seq.*

7. The Defendant, STAPLES, a Limited Liability Company, at all times material hereto, carried on a business venture in Orange County, Florida, and was engaged in substantial activity within this state and Orange County, Florida.

8. At all times material hereto, Plaintiff was an "employee" within the meaning of Florida Civil Rights Act of 1992, *Fla. Stat. Section, 760.01, et seq.*

9. Venue is proper in Orange County, Florida

10. Plaintiff is an African-American woman over the age of fifty (50) years old and is a member of a class of persons protected from discrimination in her employment under the Florida Civil Rights Act of 1992 (FCRA), Florida Statute Section 760.

11. On or about December 11, 2018, Plaintiff timely filed a charge of employment discrimination with the Equal Employment Opportunity Commission, the agency, which is responsible for investigating claims of employment discrimination (Charge 511-2019-00640, attached hereto as **Exhibit "A"**).

12. All conditions precedent for the filing of this action before this Court has been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

13. Plaintiff performed work for Defendant from approximately on or about July 9, 2018 (starting date) to on or about December 12, 2018 as a Save Desk Specialist.

14. During her employment with Defendant, Ian Machiote, Lance Sparks and Kevin Hendricks all held a managerial and/or supervisory role over Plaintiff.

15. At all material times, Ian Machiote, Lance Sparks, and Kevin Hendricks controlled tangible aspects of Plaintiff's employment.

16. Throughout her employment, Plaintiff was subjected to pervasive and continued derogatory comments and negative treatment based on her race and age. Moreover, Plaintiff has been subjected to several racist comments made by both Mr. Hendricks and Mr. Machiote and was singled out by both Mr. Hendricks and Mr. Machiote based on her race.

17. Additionally, Mr. Machiote singled Plaintiff out as being unable to adapt to change due to her age. The majority, if not all, of the Save Desk team member were younger than thirty (30) years old while Plaintiff was and is well over fifty (50) years old.

18. Despite Plaintiff's productiveness surpassing her younger and non African American coworkers she was still singled out, ridiculed, and passed over for work place accolades.

19. Plaintiff made several complaints to Mr. Sparks to address the hostile work environment. However, Mr. Sparks acquiesced in the actions of Mr. Hendricks and Mr. Machiote by failing to take prompt and adequate remedial action in addressing plaintiff's complaints of discrimination.

20. On or about December 12, 2018, Plaintiff was forced to resign employment with Defendant due to Defendant's lack of responsiveness to her complaint based on race and age.

21. Plaintiff has retained the undersigned counsel in order that her rights and interest may be protected.

## COUNT I
### *Race Discrimination in Violation of the FCRA*

22. Plaintiff re-adopts each and every allegation as stated in paragraphs 1 – 21 above as if set out in full herein.

23. Plaintiff is a member of a protected class under the FCRA.

24. By the conduct described above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's race and subjected the Plaintiff to race-related animus and discrimination.

25. Such discrimination was based upon the Plaintiff's race in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is African American and was the subject of discriminatory action based on her race as well as the subject of several racist comments made by agents, employees and/or representatives on the Save Desk team during her employment with Defendant.

26. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant's managerial and/or supervisory personnel were aware that discrimination on the basis of Plaintiff's race was unlawful but acted in reckless disregard of the law.

27. At all times material herein, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

28. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

29. As a result of the Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

30. The conduct of the Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to take prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state law.

31. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus, entitling Plaintiff to damages in the form of compensatory and punitive damages, pursuant to federal state law, to punish the Defendant for its inactions and to deter it, and others, from such action in the future.

32. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

## COUNT II
*Age Discrimination in Violation of the FCRA*

33. Plaintiff re-adopts each and every allegation as stated in paragraphs 1 – 32 above as if set out in full herein.

34. Plaintiff is a member of a protected class under the FCRA.

35. By the conduct described above, the Defendant has engaged in discrimination against Plaintiff because of Plaintiff's age and subjected the Plaintiff to age-related animus and discrimination.

36. Such discrimination was based upon the Plaintiff's age in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff was one of the oldest, if not the oldest, employee on the Save Desk team during her employment with Defendant.

37. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant's managerial and/or supervisory personnel were aware that discrimination on the basis of Plaintiff's age was unlawful but acted in reckless disregard of the law.

38. At all times material herein, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

39. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

40. As a result of the Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

41. The conduct of the Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to take prompt remedial

action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

42. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus, entitling Plaintiff to damages in the form of compensatory and punitive damages, pursuant to federal and state law, to punish the Defendant for its inactions and to deter it, and others, from such action in the future.

43. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

   **WHEREFORE**, Plaintiff, LISA COLLINS, respectfully prays for the following relief against Defendant:

**a.** Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

**b.** Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, if any, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

**c.** Enter an award against Defendant and award Plaintiff punitive and compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

**d.** Award Plaintiff the costs of this actions, together with reasonable attorney's fees; and

**e.** Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances set forth herein.

## JURY DEMAND

Plaintiff demands trial by jury of all issues so triable as of right by jury.

Dated this 25th Day of March 2020.

>  /s/ Khambrel Davis
> Khambrel Davis, Esquire
> Florida Bar No. 125837
> ***DAVIS AND DAVIS LAW, PLLC.***
> 4846 N University Dr. Suite 411
> Sunrise, Florida 33351
> Tel: (954) 612-1928
> kdavis@ddlawpllc.com

# EXHIBIT A

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | [ ] FEPA<br>[X] EEOC | 511-2019-00640 |

Florida Commission On Human Relations                                  and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone | Year of Birth |
|---|---|---|
| Ms. Lisa Collins | (407) 463-9314 | 1965 |

Street Address: 2850 Mirella Ct 6202, WINDERMERE, FL 34786

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| STAPLES | 15 - 100 | (407) 475-4200 |

Street Address: 1901 Summit Tower #100, ORLANDO, FL 32810

DISCRIMINATION BASED ON (Check appropriate box(es).)

[X] RACE   [ ] COLOR   [X] SEX   [ ] RELIGION   [ ] NATIONAL ORIGIN
[X] RETALIATION   [ ] AGE   [ ] DISABILITY   [ ] GENETIC INFORMATION
[ ] OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 09-01-2018   Latest: 11-23-2018
[X] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I began employment with Staples on July 9, 2018, as an Account Specialist. On several occasions Kevin Hendricks (White male) made sexist and racist comments about Black females such as having 'nappy hair', 'big butts', and being 'ghetto'. I reported the racial slurs and derogatory comments to Manager, Ian Machicote, who is good friends with Mr. Hendricks, no action was taken. I also reported Mr. Hendricks behavior to HR, and was told the complaint would be 'looked into'.

I have also expressed my concerns that similar situated White team members are treated better than Blacks in regards to attendance and performance. I am a top producer within my department, however I was not placed on 'initiatives' but other members were given the opportunity.

On November 23, 2018, I contacted HR regarding the discrepancies with my pay and was advised to contact my Manager. On November 24, 2018, I reported to Mr. Machicote that my pay was incorrect and I was informed that the 'format' I was using to submit my timesheet was incorrect, however its been the same 'format' I've been using before I made my complaints.

I believe I have been discriminated against because of my race (Black), and sex (female) in violation of Title VII of the Civil Rights

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **Digitally signed by Lisa Collins on 12-11-2018 12:25 PM EST** | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (*month, day, year*) |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974.  See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 511-2019-00640 |
| | Florida Commission On Human Relations | and EEOC |
| | *State or local Agency, if any* | |

Act of 1964, as amended. I believe I have been retaliated against for reporting the derogatory racist and sexist comments.

| | |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **Digitally signed by Lisa Collins on 12-11-2018 12:25 PM EST** | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(*month, day, year*) |

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws).  Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination.  This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions.  A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of.  Without a written charge, EEOC will ordinarily not act on the complaint.  Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed.  Charges may be clarified or amplified later by amendment.  It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA.  Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements.  You will be told which agency will handle your charge.  When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter.  Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so <u>within 15 days</u> of your receipt of its findings.  Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge.  Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.